## The People *vs.* Taylor.

It is generally, but not always sufficient, in an indictment for a misdemeanor created by statute, to describe the offence in the words of the statute.

In an indictment for setting on foot a lottery, contrary to 1 *R. S.* 665, § 27, it is essential to specify the *purpose* for which the lottery was made, that being a part of the statute description of the offence.

But a general statement of the purpose for which the lottery was made is not enough. Some further description must be given, where it is practicable to do so.

Such a degree of certainty is necessary in the description of the offence, as that the defendant may not be indicted for one thing and tried for another, that he may know what crime he is called upon to answer, that the jury may deliver an intelligible verdict, that the court may render the proper judgment, and that the defendant may with proper averments plead the judgment in bar of another prosecution for the same offence.

But if a particular fact which is matter of description and not vital to the accusation cannot be ascertained, the indictment will be good if it state that such fact is unknown to the grand jury.

Accordingly *held*, that a count in an indictment which stated that the defendant unlawfully &c. *did set on foot a certain lottery for the purpose of exposing certain money to abide the drawing of such lottery, he being unauthorized &c.*, without other matter of description, was bad.

And a count in a similar form, with an additional averment that the *name* of the lottery was unknown to the grand jury, was held bad.

But a count in the same form, with an averment that *a more particular description* of the lottery was unknown to the grand jury, was held sufficient.

The amount of the lottery is not necessary in determining the nature or degree of the ·offence, but only in fixing the amount of the fine : and where such amount cannot be ascertained, the sum of $2500 is prescribed as a *limit* beyond which the court cannot impose a fine.

Therefore, an indictment for setting on foot an illegal lottery need not state the amount for which such lottery was made, or that such amount could ·not be ascertained.

Where a court of review reverses a judgment for error in the record, it must generally render such a judgment as the court below ought to have rendered.

But if a wrong judgment be given *against a defendant*, which is reversed on error, the court of review can neither give a new judgment, nor send the proceedings back to the court below for a proper judgment, unless the case be presented by bill of exceptions, when a *venire de novo* may be awarded. *Per* Bronson, C. J.

Where the defendant demurred to an indictment for a misdemeanor in the court below, and judgment was there given *against the people*, which was here reversed on error, *held* that this court must render a final judgment for the people on the demurrer, and pass sentence on the defendant ; and that he could not be permitted to withdraw the demurrer and plead.

The court below could not have permitted him to plead after determining the de-
murrer against him. *Semble.* *Per* BRONSON, C. J.

ERROR to Albany mayor's court.    The substance of the indict-
ment, after giving time, place, &c. was, that the defendant un-
lawfully, maliciously and advisedly did *set on foot* a certain
lottery, for the purpose of exposing certain money to abide the
drawing in such lottery, he the said defendant being unautho-
rized &c., against the form of the statute, &c.    *Second count,*
that the defendant, being unauthorized &c., did publicly *carry
on* a certain lottery (a more particular description of which said
lottery is to the jurors aforesaid unknown) for the purpose of
exposing money, against the form of the statute, &c.    *Third
count,* that the defendant privately did *carry on* a lottery for the
purpose of exposing money, he being unauthorized &c.    *Fourth
count,* that the defendant did *open* a certain lottery (the name
of which said lottery is to the jurors aforesaid unknown) for the
purpose of disposing of money by such lottery, he being unau-
thorized &c.    *Fifth count,* that the defendant did *carry on* a
certain *game of chance* (the nature of which said game is to the
jurors aforesaid unknown) for the purpose of exposing money to
abide the result of such game, he being unauthorized &c.    The
defendant demurred to the indictment, and the court below gave
judgment in his favor.    The people bring error.

*E. C. Litchfield,* (district attorney,) for the people, stated and
argued the following propositions, in support of which he refer-
red to the authorities noticed in the opinion of the court.    1. In
indictments for offences created by statute, it is sufficient to
describe the offence in the words of the statute, as has been done
in the several counts of this indictment.    2. Upon reversing the
judgment of the mayor's court, this court should render a final
judgment operating as a conviction, and should proceed to sen-
tence the defendant.

*H. G. Wheaton,* for the defendant.    1. The indictment is
defective in not stating the amount for which the lottery was
made, or averring that such amount could not be ascertained.

1 *Archb. Cr. Pl. ed.* 1835, *pp.* 51, 54; 2 *East. P. C.* 651, *ch.* 16, § 88; *The King* v. *Walker,* 3 *Camp.* 264.) 2. The several counts in the indictment are bad for want of a precise state-ment and particular description of the offences intended to be proved. (*Rex* v. *Gibbs, Str.* 497; *Rex* v. *How, id.* 699; 3 *J. J. Marsh.* 135; *Stark. Cr. Pl.* 97.) 3. The second and third counts are bad for not sufficiently stating the *purpose* for which the lottery was carried on. 4. The court below, according to the settled practice in civil cases, would have permitted the defendant to plead after overruling the demurrer, and as this court is to give the same judgment which the court below should have given, that order should be made here if the judgment of the mayor's court is reversed.

*By the Court,* BRONSON, Ch. J. This indictment was framed upon the 27th section of the lottery act, which provides, that no unauthorized person shall open, set on foot, carry on, promote or draw, publicly or privately, any lottery, game, or device of chance, for the purpose of exposing, setting to sale, or disposing of any houses, lands, tenements or real estate, or any money, goods or things in action. (1 *R. S.* 665.) The objections taken to the indictment are, that it is not sufficiently certain; and that no offence is charged in either of the counts.

It is a general, though not universal rule, that in indictments for offences created by statute—particularly misdemeanors—it is sufficient to charge or describe the offence in the words of the statute. (*The U. S.* v. *Mills,* 7 *Peters,* 142; *The U. S.* v. *La Coste,* 2 *Mason* 129, 141; *The State* v. *Temple,* 3 *Fairf.* 214; *Commonwealth* v. *Daniels,* 2 *Virg. Cas.* 402; *State* v. *Stanton,* 1 *Iredell N. Car.* 424; *The U. S.* v. *Lancaster,* 2 *McLean,* 431; *Rex* v. *Pemberton,* 2 *Burr.* 1035.) The rule has been applied without reserve where the charge was that of being concerned in an illegal lottery. In the *Commonwealth* v. *Clapp,* (5 *Pick.* 41,) the indictment was for advertising tickets, and it charged that the defendant did advertise in a certain newspaper, &c., "lottery tickets, and parts of lottery tickets, for sale in lotteries not authorized by the laws of said common-

wealth:" and after conviction, a motion in arrest of judgment was overruled. A motion for a new trial and in arrest was also overruled in the *Commonwealth* v. *Hooper*, (5 *Pick.* 42,) where it was held, that in an information for advertising, it was not necessary to allege by name, nor was it necessary on the trial to prove what kind of lottery tickets the defendant advertised. In the *Commonwealth* v. *Johnson*, (*Thatcher Cr. Cas.* 284,) the indictment was for selling; and it was held not to be necessary to give the name of the lottery; nor to set forth the tenor of the ticket. But the indictment alleged that the ticket was kept and retained by the purchaser, " so that the jurors cannot set forth its tenor or substance." And in a state where there was no authorized lottery, an indictment was adjudged sufficient on demurrer, which merely alleged, that the defendant sold a quarter part of a ticket in a certain lottery, without giving any description whatever either of the ticket, or the lottery. (*The State* v. *Follet*, 6 *N. H.* 53.) The court went upon the ground that as there could be no ticket in any lottery which would not be within the prohibition of the statute, it would be mere surplusage to describe in the indictment, either the ticket or the lottery. With us, however, it is necessary to specify the purpose for which the lottery was made, because that is a part of the statute description of the offence. (*The People* v. *Payne*, *ante, p.* 88.) That specification has been made in all the counts of this indictment.

In *Cohens* v. *Virginia*, (6 *Wheat.* 264,) the information was for selling tickets, and the name of the lottery, and the place where it was to be drawn, were stated; but beyond that, there was no description whatever, either of the tickets or the lottery. (*See also Davis' Precedents*, 162, *and note.*) In *Freleigh* v. *The State*, (8 *Missouri*, 606,) it was held to be enough, in an indictment for selling, to say, " a certain lottery ticket," without giving either its tenor or purport. But the indictment mentioned the name of the lottery; and alleged that the ticket was kept by the purchaser, so that the jurors could not set forth the substance of it.

Since 1833, all lotteries for the disposition of money or prop-

erty, have been alike illegal in this state. (*The People* v. *Sturdevant*, 23 *Wend.* 418.) And if we follow what has been adjudged elsewhere, it would be sufficient to state such facts as show the lottery to be illegal. Still, I think the indictment should go beyond a general statement of the purpose for which the lottery was made, and give some further description of it, where it is practicable to do so. It is a general rule that there should be such certainty of description as will identify the offence, so that the party may not be indicted for one thing, and tried for another. Certainty is also required, to the end that the defendant may know what crime he is called upon to answer; that the jury may be able to deliver an intelligible verdict, and the court to render the proper judgment: and finally, that the defendant may be able to plead his conviction or acquittal in bar of another prosecution for the same offence. But this rule must not be carried so far as to furnish a shield from punishment, where it is plain that a crime has been committed: and therefore, the indicting jurors are allowed to state, that a particular fact, not vital to the accusation, is to them unknown. (2 *East. C. L.* 651 ; *Thomas'* case, *id.* 781 ; *Rex* v. *Walker*, 3 *Camp.* 264; *The U. S.* v. *La Coste*, 2 *Mason*, 129.) When the substance of the offence is set out in the indictment, and the jurors only omit some matter of mere description which they could not ascertain, there can be no great danger that any wrong will be done to the defendant. He will know well enough how to plead, and what is to be tried : and should he be a second time charged with the same offence, the former acquittal or conviction may, without difficulty, be pleaded in bar. What may be wanting in the record of the first trial to show the identity of the two accusations, can be made up by averment. An averment of identity is always necessary, both in civil and criminal cases, where a former trial is pleaded in bar : and when properly pleaded, it is enough to show by the record, that the pleadings were such in the first case that the same matter might have come directly in question on the trial; and then to show by extrinsic evidence that it did, in fact, so come in question on that trial.

Now to apply what has been said : All the counts in this indictment, which are based upon a lottery, state the purpose for which the lottery was made in the words of the statute ; and that is enough to show that it was an illegal lottery. The counts also follow the statute in severally stating what was done by the defendant, to wit: that he did "set on foot," "carry on," and "open" a certain lottery ; and are in this respect sufficient. Neither of the counts contains any description of the lottery, beyond a general statement of the purpose for which it was made : and in the first and third counts, no reason is assigned why a more particular description was not given. I think those two counts bad. In the fourth count it is only stated, that the *name* of the lottery was unknown to the jurors, which, I think, is not enough. For aught that appears, the jurors may have known other things concerning the lottery, of more importance than the name, if it had one ; and particularly, how much money was to be disposed of by the lottery. But the second count has the words—" a more particular description of which said lottery is to the jurors aforesaid unknown ;" and with that averment, I think the count sufficient. It is not without some difficulty that I have arrived at this conclusion ; and it is quite possible that I should not have reached it, but for the decisions in other states concerning lotteries ; some of which go still further, and hold that the count would be sufficient without any such averment.

The section on which this indictment was framed declares, that the offender, " on conviction, shall be subject to a fine equal to the amount of the whole sum or value for which such lottery, game or device was made; and if such amount cannot be ascertained, then to a fine of two thousand five hundred dollars, or to imprisonment not exceeding two years, or to both, in the discretion of the court." It has been urged, that this provision rendered it indispensable to state in the indictment the sum or value for which the lottery was made. But this is not a case where a certain value is essential to constitute the offence. (*Rex.* v. *Forsyth, Russ. & Ryan. Cr. Cas.* 274; *Archb. Cr. Pl.* 94, *ed. of* 1840.) The lottery is alike illegal whether it be made for a great or a small amount. Nor is it like a charge of larceny,

where value determines the degree of crime; and sometimes affects the place and mode of trial. Here the sum or value goes neither to the nature nor degree of crime. It is only a matter to be taken into consideration in fixing the punishment; and may, like other matters in aggravation and mitigation, be inquired into by affidavit. The legislature evidently supposed there might be a conviction without stating the amount in the indictment; for they declared what the fine should be where the amount could not be ascertained.

It was said on the argument, that upon conviction, the fine must either be the whole sum or value for which the lottery was made, or the sum of two thousand five hundred dollars. But we do not so understand the statute. Those sums limit the extent of the fine; but do not take away the discretion of the court to impose one of a less amount.

We are of opinion that the second count is sufficient; and as the demurrer goes to the whole indictment, it is not necessary to inquire whether the fifth count, which is upon a "game of chance," can be supported. It is enough that there is one good count. The judgment of the court below must be reversed; and judgment must be rendered for the people on the demurrer. When a judgment is reversed for error in the record, the court of review, as a general rule, renders such judgment as should have been given by the court below. (*Close* v. *Stuart*, 4 *Wend.* 95; *Dunham* v. *Simmons*, 5 *Hill*, 507; *Gildart* v. *Gladstone*, 12 *East*, 668; *Philips* v. *Bury*, 1 *Ld. Raym.* 5; *Bac. Abr.*, *Error*, 2.) But if a wrong judgment be given against a defendant, which is reversed on error, the court of review can neither give a new judgment against him, nor send the case back to the court below for a proper judgment. (*The King* v. *Bourne*, 7 *Adol. & Ellis*, 58; *Shepherd* v. *Commonwealth*, 2 *Metc.* 419; *Christian* v. *Commonwealth*, 5 *id.* 530; *The King* v. *Ellis*, 5 *Barn. & Cress.* 395; *Philips* v. *Bury*, 1 *Ld. Raym.* 5.) A *venire de novo* may, however, be awarded where the judgment is reversed on a bill of exceptions. In this case the defendant demurred in the court below, and on reversing the judgment,

The People *v.* Taylor.

there can be no doubt but that judgment must be rendered against him on the demurrer.

In criminal cases, the defendant can have the same advantage of any defect in the indictment by motion in arrest of judgment, as he could obtain by demurring; and when the judgment has been given against him on demurrer, the courts have not been disposed to allow him to withdraw the demurrer and plead. In *favorem vitæ* it has been allowed in capital cases. But this is only a misdemeanor; and in such cases it is doubtful whether the favor should ever be granted. (2 *Hawk. P. C. c.* 31, § 7, *Curwood's ed.;* 2 *Hale's P. C.* 257; *The King* v. *Gibson,* 8 *East,* 107; *Evans* v. *The Commonwealth,* 3 *Metc.* 453; *Regina* v. *Goddard,* 2 *Ld. Raym.* 920; *The King* v. *Taylor,* 3 *B. & C.* 502; 1 *Chit. C. L.* 141, 2, *ed.* 1819; 1 *Stark. Cr. Pl.* 315; *Archb. Cr. Pl.* 81, *ed. of* '40; 4 *Black. Com.* 334.) But if it may be granted by the court of original jurisdiction on overruling the defendant's demurrer, that does not prove that the same thing can be done by a court of review, on a writ of error. There is no precedent for it; and we do not feel at liberty to make one. Judgment reversed, and judgment for the people on demurrer.(*a*)

(*a*) At a subsequent term, the district attorney, pursuant to notice to the defendant, moved for sentence against him. *Stevens,* for the defendant, objected that as corporal punishment might be inflicted the defendant ought to be present, and referred to 1 *Chitty's Cr. Law,* 695, *and cases cited in note* (*b.*) CURIA. It is not necessary because there is a discretion to sentence a defendant to corporal punishment that he should be present. The rule is that such a sentence shall not be imposed in his absence. As the sentence in this case will be a fine merely, the defendant need not be brought into court. (*Son* v. *The People,* 12 *Wend.* 344; *The People* v. *Winchell,* 7 *Cowen,* 525; 1 *Chit. C. L.* 695, *note c.*) The defendant was then sentenced to pay a fine.