## COMMONWEALTH *vs.* THOMAS R. HORTON.

An indictment on Rev. Sts. c. 132, § 1, which alleges that the defendant, in a house occu
pied by him, " did unlawfully and knowingly permit the setting up of a lottery, in which
certain articles of personal property and of value were disposed of, by the way of a
lottery," is sufficient, without alleging that the lottery, so permitted to be set up, was a
lottery, not authorized by law, for money, and without stating the name of the lottery, or
describing the articles disposed of, or stating their value, or the names of their owners,
or of the persons who received them as prizes.

DEWEY, J. By the Rev. Sts. *c.* 132, § 1, " every person, who shall set up or promote any lottery, not authorized by law, for money, or shall dispose of any property of value, real or personal, by way of lottery, and every person, who shall, in any house, shop or building owned or occupied by him, or under his control, knowingly permit the setting up, managing or drawing of any such lottery, shall be punished by a fine not exceeding two thousand dollars."

This indictment charges that the defendant, on the 16th of December 1853, at Charlestown, " did unlawfully and knowingly permit, in the dwelling-house and building then and there actually used and occupied by him, the setting up of a lottery, in which certain articles of personal property and of value were disposed of, by the way of a lottery."

The defendant, after verdict, has moved in arrest of judgment, for the insufficiency of the indictment, in several particulars. The first reason urged in support of this motion is, that the indictment should allege that the lottery, which the defendant permitted to be set up, was " a lottery, not authorized by law, for money." But this objection is founded on too narrow a construction of the statute; for the first clause of the Rev. Sts. *c.* 132, § 1, to which the words, " such lottery," in the clause on which this indictment is founded, refer, prohibits not only the setting up or promoting of " any lottery, not authorized by law, for money," but also the disposing " of any property of value, real or personal, by way of lottery."

It is further urged, that the indictment is insufficient, by reason of its want of any allegation of the name of the lottery,

or description of the particular articles disposed of, or statement of their value, or of the names of the persons who owned them, or who received them as prizes. In the opinion of the court, these objections cannot prevail. The offence charged is, knowingly permitting the setting up of a lottery contrary to law. It has been held, in cases of similar character, that the general form of charging the offence, here used, was sufficient. In the cases of *Commonwealth* v. *Clapp*, 5 Pick. 41, and *Commonwealth* v. *Hooper*, 5 Pick. 42, which were indictments for advertising lottery tickets, it was held that it was not necessary to specify the lottery, the tickets in which were advertised. We think it was equally unnecessary to describe particularly the various articles, the subject of the lottery, and their value, and the owners of the same, much less the names of the parties who drew them as prizes. The indictment does allege that the articles to be disposed of were articles of personal property, and, as was essential, alleges that they were " of value."

*Motion in arrest overruled.*

*J. Q. A. Griffin,* for the defendant, cited *The People* v. *Taylor*, 3 Denio, 91.

*J. H. Clifford,* (Attorney General,) for the Commonwealth