SUPREME COURT. Clinton General Term, May, 1859. *James, Rose-krans* and *Potter*, Justices.

DANIEL O'LEARY, plaintiff in error, *v.* THE PEOPLE, defendants in error.

An assault and battery with intent to kill, is not a felony by our statute or at the common law, unless committed with a deadly weapon, or by such other means or force as are likely to produce death.

Where, in an indictment, the first two counts charged the prisoner with having committed an assault and battery with a deadly weapon, with intent to kill one M. C., and the third count charged an assault and battery upon the said M. C., with intent to maim her, and, on the trial, the jury found the prisoner "guilty of the crime of assault and battery with intent to kill," and the court thereupon sentenced the prisoner to imprisonment for two years in the State Prison, the judgment was reversed on the ground that, on the verdict rendered, the court was only authorized to punish for a simple assault and battery.

And the case having been brought from the Court of Sessions to the Supreme Court, by writ of error, it was held that the latter court had not the power to order a new trial in the court below, but that the judgment of reversal was final.

Form of an indictment for assault and battery committed with a deadly weapon, with intent to kill, with a count charging an intent to maim.

Form of *certiorari* after writ of error, with a return thereto.

THIS case came up on writ of error to the Court of Sessions of Saratoga county. By the return to the writ it appeared that an indictment had been found against the plaintiff in error, in the following words:

*Saratoga County, ss:*

The Jurors of the People of the State of New York, in and for the body of the county aforesaid, to wit:

Lawrence W. Bristol, &c., &c., good and lawful men of the county aforesaid, then and there sworn and charged to inquire for the said People for the body of the county aforesaid, upon their oaths present: That Daniel O'Leary, late of the village of Waterford, in the county of Saratoga aforesaid, on the twenty-second day of September, in the year of our Lord one

thousand eight hundred and fifty-seven, with force and arms, at the village of Waterford, in the county of Saratoga aforesaid, in and upon one Margaret Collins, then and there being, feloniously did make an assault, and her, the said Margaret Collins, with a certain deadly weapon, commonly called a cleaver, which the said Daniel O'Leary in his right hand then and there had and held feloniously, did beat, strike, and cut, and wound, with intent her, the said Margaret Collins, then and there feloniously and willfully to kill, and other wrongs to the said Margaret Collins, then and there did, to the great damage of the said Margaret Collins, against the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, on their oath aforesaid, do further present, that the said Daniel O'Leary, late of the town and village of Waterford, in the county of Saratoga, on the twenty-second day of September, in the year of our Lord one thousand eight hundred and fifty-seven, with force and arms, at the village and county aforesaid, in and upon Margaret Collins, then and there being, feloniously did make an assault, and her, the said Margaret Collins, with a certain deadly weapon commonly called a cleaver, which he, the said Daniel O'Leary, in both his hands then and there had and held, feloniously did beat, strike, and cut, and wound, with intent her, the said Margaret Collins, then and there feloniously and willfully to kill, and other wrongs to the said Margaret Collins, then and there did, to the great damage of the said Margaret Collins, and against the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, on their oath aforesaid, do further present, that the said Daniel O'Leary, on the said twenty-second day of September, in the year last aforesaid, with force and arms, at the village and county aforesaid, in and upon the said Margaret Collins, then and there being, feloniously did make another assault, and her, the said Margaret Collins, with a certain cleaver, which he, the said Daniel O'Leary, in both

of his hands then and there had and held the said cleaver, being a deadly weapon, feloniously did. beat, strike, cut and wound, with intent her, the said Margaret Collins, then and there feloniously and willfully to maim, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

. JOHN O. MOTT, *District Attorney.*

The defendant pleaded not guilty, and on trial was convicted and sentenced to two years' imprisonment in the State Prison.

After a return to the writ of error, the plaintiff in error procured the issuing of a *certiorari*, as follows :

The People of the State of New York to our Court of Sessions of the county of Saratoga, *Greeting :*

We being willing, for certain causes, to be certified as to the exact words and form of the verdict rendered against Daniel O'Leary in your said court, upon an indictment against him, which said indictment and the judgment thereon, have been certified to our Supreme Court, in answer to the writ of error issued in behalf of said defendant, do command you, that, having searched the records of said Court of Sessions, the exact words and form of the verdict rendered against said Daniel, and whether that is the only verdict rendered against him in said court, you certify to our justices of our Supreme Court of Judicature, without delay, at the Capitol, in the city of Albany, fully and entirely as the same remains on record in your said court, and this writ.

Witness, George Gould, Esq., one of the Justices of said court, at Albany, September 3d, 1858.

R. BABCOCK, *Clerk.*

I. C. ORMSBY, *Attorney.*

To which *certiorari* the following return was made :

The answer of the Court of Sessions of the county of Saratoga to the within writ of *certiorari*. Searching the records of said court, we find, under date of June 14th, 1858, the

following verdict, rendered against the said Daniel O'Leary, viz.: "The jury find the prisoner guilty of the crime of assault and battery, with intent to kill."

That the above are the exact words and form of said verdict, and the only verdict rendered against him in our said court.

And this we do certify to the justices of the Supreme Court, as we are within commanded.

Given under the seal of our said court, at Ballston Spa, October 30, 1858.

For the court.

JAMES W. HORTON, *Clerk.*

[L. S.]

*I. C. Ormsby,* for the plaintiff in error.

I. The judgment is erroneous. It is a familiar principle that *all* the circumstances essential to sustaining an indictment, must be expressly found by the jury. (1 *Chitty's Crim. Law,* 644; *Commonwealth* v. *Call,* 21 *Pick.,* 513; *Commonwealth* v. *Fischblatt,* 4 *Metcalf,* 355; *Fenwick* v. *Logan,* 1 *Missouri R.,* 401.)

Under this indictment, in order to convict the prisoner of the felony charged, four distinct, material, substantive facts were necessary to be found, to wit: 1st. An *assault;* 2d. A *battery;* 3d. An *intent to kill;* and 4th. By means of a *deadly weapon.* A general verdict of guilty would have embraced such a finding. Not so with a qualified verdict, for the very object of a departure from the usual form is presumed to be for the purpose of declaring the prisoner guilty of certain facts only. (*Commonwealth* v. *Call, before cited.*)

II. The only complete and substantive crime found by the jury was that of *assault* and *battery,* and the *intent* found is merely matter in aggravation. (*Commonwealth* v. *Fischblatt,* 4 *Metc.,* 356.)

It has been expressly held that an assault and battery with intent to kill, unless it be with some deadly weapon, or by some other means likely to produce death, is not a felony.

O'Leary v. The People.

(*Barb. Cr. Law*, 80; *Com.* v. *Barlow*, 4 *Mass.*, 439; 4 *Black-stone*, 207 (*note k*), *Christian's ed.*)

III. The English doctrine that, under an indictment for a felony, the prisoner cannot be convicted of a misdemeanor, does not prevail here. Accordingly, under an indictment for murder, the prisoner may be convicted of manslaughter; under an indictment for burglary or robbery, the prisoner may be convicted of simple larceny. (*The People* v. *Jackson*, 3 *Hill*, 92, *and cases there cited.*)

And on an indictment founded on a statute, the defendant may be found guilty at common law. (1 *Chitty Cr. Law*, 639.)

*John O. Mott* (District Attorney), for the defendants in error.

I. The only matters properly in the return of the clerk in this case to the writ of error, are, a transcript of the indictment and the judgment of the court; all others should be stricken out. The court of review is confined to such errors as appear upon the face of the indictment, or in the bill of exceptions. (2 *R. S.*, 4th *ed.*, 923, § 22, 924, § 25; *The People* v. *McCann*, 3 *Park. Cr. R.*, 272.)

1. There being no bill of exceptions in the return, the only errors of which the defendant can take advantage, are such as appear upon the face of the indictment and the judgment. (2 *R. S.*, 4th *ed.*, 924, § 25.)

2. The *certiorari* and return thereto should be disregarded by this court. They form no part of the records, and are not brought up by the writ of error. (*The People* v. *McCann*, 3 *Park. Cr. R.*, 272.)

II. The indictment is good on its face under 2 *Revised Statutes*, 4th *ed.*, 851, § 38, and it is equally valid under 2 *Revised Statutes*, 4th *ed.*, 852, § 41.

The judgment is such a one as a conviction under either section of the statute would authorize. (*The People* v. *Allen*, 5 *Denio*, 76; *Biggs* v. *The People*, 8 *Barb.*, 547.)

III. The verdict in this case was not a *special verdict*. In order to constitute a *good special verdict*, the jury must find all

the facts constituting the crime, and bring it within the jurisdiction of the court. (1 *Chitty's Crim. Law*, 5th *Am. ed.*, 636, 642; *Commonwealth* v. *Call*, 21 *Pick.*, 509; *Dyer* v. *Commonwealth*, 23 *Pick.*, 402; *Commonwealth* v. *Fischblatt*, 4 *Metcalf*, 354; *McGuffie* v. *The State of Georgia*, 17 *Georgia*, 497.)

IV. The verdict in this case is a *general verdict* under section 38, 2 *Revised Statutes*, 4th *ed.*, 851; and also under section 41, 2 *Revised Statutes*, 4th *ed.*, 852, and the sentence of the prisoner to the State prison for a term not exceeding five years, is sustained by the verdict. (*Commonwealth* v. *Fischblatt*, 4 *Metcalf's R.*, 354; *The People* v. *Shaw*, 1 *Park. Cr. R.*, 327; *The People* v. *Jackson*, 3 *Hill R.*, 92; *The People* v. *White*, 22 *Wend.*, 175; *McGuffie* v. *The State of Georgia*, 17 *Georgia*, 497; *Girts* v. *The Commonwealth*, 22 *Penn. R.*, 351.)

1. Under an indictment for murder, the prisoner may be convicted of manslaughter. (*People* v. *Jackson*, 3 *Hill*, 92.)

2. So the prisoner may be convicted of simple larceny, under an indictment for burglary or robbery. (*People* v. *Jackson*, 3 *Hill*, 92; *People* v. *White*, 22 *Wend.*, 175.)

3. If the court should be of opinion that we are not allowed to refer to the indictment for the means or weapon with which the assault and battery was committed, then we say the verdict is good under the 41st section, as by that section no instrument or means are required except the act and intent.

V. If the court is of opinion that the verdict is not one of guilty, then the prisoner must be again put on his trial. (*Commonwealth* v. *Call*, 21 *Pick.*, 509.)

ROSEKRANS, J. The verdict rendered in this case is not a special verdict, as it omits to find the facts upon which judgment of law is to be pronounced by the court. But it is a general verdict of guilty as to the charge of assault and battery, but not of the assault and battery with a cleaver, with intent to kill. It is a partial verdict—a verdict of guilty of a part of the charge contained in the indictment, and is silent as to the residue of the charge. It may be that the jury intended by the verdict to cover the entire charge in the indictment, and

O'Leary *v.* The People.

before it was rendered and the jury discharged, their attention might have been directed to the informality by the court, and the verdict corrected. But nothing should be left to intendment or inference after the verdict is rendered. It should be either a general verdict of guilty when the whole charge is sustained, or a special verdict, finding all the facts to sustain the whole charge, in order to subject the defendant to the full punishment prescribed by statute for the offence. The fact that the jury have chosen not to find a general verdict of guilty, or a special verdict setting forth all the facts necessary to constitute the entire offence charged, furnishes an argument that they do not intend to find the defendant guilty of the whole offence charged, but only of such parts of it as are included in the verdict. The offence charged in this case was an assault and battery with a cleaver (a deadly weapon), with intent to kill. The jury found the defendant guilty of the crime of assault and battery, with intent to kill. They did not, however, find that the assault and battery was with a cleaver, or that the defendant intended to kill the person assaulted with a cleaver. An assault and battery, with intent to kill, is not a felony, unless it is committed with a deadly weapon, or by such other means or force as are likely to produce death. (3 *R. S.*, 5th *ed.*, 944, § 38.) It is better to hold to some degree of strictness, as to the manner of rendering verdicts and entering them in the minutes of the court, than to leave the design of the jury a matter of doubt, or of inference or argument. Under this indictment, the defendant could be convicted of a simple assault and battery, and as the verdict is sufficiently formal for that offence, judgment should have been rendered against the defendant on that verdict.

The judgment of the Court of Sessions should be reversed. We can neither give a new judgment, nor send the case back for a proper judgment. (*People* v. *Taylor*, 3 *Denio*, 91; *Commonwealth* v. *Fischblatt*, 4 *Met. R.*, 354; *Dyer* v. *Commonwealth*, 23 *Pick.*, 404; 2 *Camp. R.*, 646.)

POTTER, J. The defendant was indicted for two statute offences. The first and second counts were for the same offence, only varied in statement—for an assault and battery with a deadly weapon, with intent to kill one Margaret Collins. The third count was for an assault and battery upon the said Margaret Collins, with intent to maim her.

A trial was had before the Saratoga Sessions. The jury rendered their verdict, "that they find the prisoner guilty of the crime of assault and battery with intent to kill." The judgment of the court upon this verdict, was a sentence of the prisoner (the defendant), to imprisonment in the State Prison for two years.

So much of the case was brought up by writ of error. A *certiorari* was also issued in the case, upon which the clerk retnrns the verdict in form as rendered by the jury, and that the exact words and form of the verdict of the jury were as above given, and *that* was the only verdict rendered against the defendant in said court.

Thus we have before us, by writ of error and *certiorari*, all that the defendant desires to have reviewed. The attorney for the People objects to so much of the case as is brought up by *certiorari*, and moved to have it struck out of the case.

I think the practice in this district justifies the bringing up of any errors that affect the party, whether in, or *dehors* the record, or otherwise, and that we should therefore pass upon all questions brought before us by writ of error, or *certiorari*, or both.

The verdict of the jury was a special verdict, and did not find the defendant guilty of either of the statute offences for which he was indicted.

The offence defined in the 38th section, Revised Statutes, 665 (944 *5th ed.*), is as follows: " Every person who shall be convicted of shooting at another, or attempting to discharge any kind of arms or air-gun at another, *or of any assault and battery upon another by means of any deadly weapon*, or by such other means or force as was likely to produce *death with the intent to kill*, maim, ravish or rob such other person," &c., " shall be punished," &c.

O'Leary *v.* The People.

The offences that are described in the 41st section, are a class of offences, the punishment of which is not before prescribed. As the punishment of the offence described in the indictment is prescribed in the above 38th section, it will be seen that the 41st section has nothing to do with this case.

The indictment in this case is a good indictment in form for the offence it describes, and the offence set forth comes within the 38th section of this statute. The jury, however, have not found the defendant guilty of that which constitutes the main feature of the crime, to wit: the commission of the act *by means of any deadly weapon.*

Had the indictment charged all the means by which the offence might have been committed, or that it was committed by such other means or force as was likely to produce death with like intent, which means or which force was to the grand jury unknown; or had the petit jury found the defendant guilty of the offence for which he was indicted, or generally *guilty*, so as to meet the charge, the court would see that the verdict was broad enough to meet the charge. But upon this writ of error we must take the verdict as it is rendered. It is entirely probable that the jury *intended* to find him guilty under one of the first two counts, instead of the third, and that their verdict was intended so to express their finding. This verdict might have been made definite at the time by their explanation, but it was not, and we cannot now speculate upon it. The form of the verdict must be such that all the circumstances constituting the offence must be found, in order to enable the court to give judgment; for the court cannot supply a defect in the statement made by the jury on the record, by any intendment or implication whatsoever. (1 *Chit. Cr. L.,* 643; 4 *Met.,* 354; 21 *Pick.,* 505.)

An assault and battery with intent to kill, is not a felony by our statutes, nor at common law. It is only felony when committed with some deadly weapon, or with some other means or force likely to produce death. (*Barb. Cr. L.,* 80, *and authorities cited.*)

If we had the power, I should like to send the case back for a new trial, but I do not think we have the power. See opinion of Bronson in *People* v. *Taylor* ( 3 *Denio*, 97).

Judgment reversed.