Hussy *v.* The People.

———————

PATRICK HUSSY, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

The prisoner being tried upon an indictment, at a court of sessions, the jury found him "guilty of an assault with intent to do bodily harm." The court sentenced him to imprisonment in the state prison for the term of one year and ten days. *Held* that the verdict of the jury was in legal effect, that the prisoner was guilty of simple assault; and that the sentence being for a felony, was unauthorized.

Hussy *v.* The People.

*Held, also,* that the verdict being authorized and substantially regular, the record must be remitted to the court of sessions, with instructions to that court to proceed and pronounce judgment according to law, against the prisoner, for an assault.

WRIT of error to the Albany court of sessions.

*A. J. Parker,* for the prisoner.

*Henry Smith,* (dist. att'y,) for the people.

*By the Court,* INGALLS, J. This case comes before this court upon writ of error. The prisoner was tried upon an indictment at a court of sessions held in and for the county of Albany, and the jury rendered the following verdict : " Find the prisoner guilty of an assault with intent to do bodily harm." Whereupon the court of sessions sentenced the prisoner to imprisonment in the state prison at Clinton, at hard labor, for the term of one year and ten days. The verdict of the jury was in legal effect that the prisoner was guilty of a simple assault upon Patrick Lyman. The sentence being for a felony, was unauthorized. (*The People* v. *Davis,* 4 *Parker,* 61. *O'Leary* v. *The People, Id.* 187.)

The judgment of the sessions and the proceedings thereupon must be reversed. As the verdict was authorized, and substantially regular, the record must be remitted to the court of sessions of Albany county, with instructions to that court to proceed and pronounce judgment according to law, against the prisoner for an assault upon Patrick Lyman. (*Laws of* 1863, *p.* 406.) But for this statute it would be the duty of this court to discharge the prisoner. (*Shepherd* v. *The People,* 25 *N. Y. Rep.* 406. *People* v. *Taylor,* 3 *Denio,* 91. *O'Leary* v. *People,* 4 *Parker,* 187.)

The case at bar coming within the provision of the said statute, the judgment must be entered in accordance with the above directions.

[ALBANY GENERAL TERM, December 3, 1866. *Peckham, Miller* and *Ingalls,* Justices.]