THOMAS PICKETT, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Gambler — indictment of, sufficiency of averments in — Conviction, when not to be set aside — chapter 504 of 1851 — chapter 214 of 1855.*

An indictment, charging that the defendant "did willfully, unlawfully and knowingly sell, vend and cause to be sold and vended what are commonly known and called lottery policies, the particulars whereof are unknown to the jurors aforesaid, and did then and there sell and vend divers of such lottery policies to divers persons to the jurors aforesaid unknown," *held,* sufficient; that only reasonable certainty is required; that the facts stated to be unknown were only matters of description and not necessary to the accusation, and there was no danger of the defendant being tried thereunder for an offense for which he was not indicted; or, being convicted, any difficulty in pleading the conviction and judgment in bar of another prosecution for the same offense.

Further, that although the proofs might not be very strong, yet, where the jury have found the facts, and as found they are sufficient to sustain the conviction, it will not be set aside.

WRIT of error to the Court of Sessions of Kings county, to review the conviction of the defendant as a common gambler.

The defendant was convicted of being a common gambler in selling or vending what are commonly known as lottery policies, under chapter 504, Laws of 1851, as amended by chapter 214, Laws of 1855, and was sentenced to imprisonment for the term of three months in the Kings county penitentiary.

*Peter Mitchell,* for the plaintiff in error.

*Thomas S. Moore,* for the defendants in error.

DYKMAN, J.:

The defendant has been indicted and convicted as a common gambler under the provisions of our statute. The indictment follows substantially the language of the statute, and as a general rule that is sufficient in cases of misdemeanor. Reasonable certainty, however, is required in stating the offense charged, having special reference to the rights and interests of the accused, but this rule must not be carried so far as to defeat the ends of justice; and therefore the grand jurors are allowed to state that a particular fact not vital to the accusation is to them unknown. Under this general rule of law it has been held that where an indictment, after

stating the fact of the lottery, contained an averment that "a more particular description of which said lottery is to the jurors aforesaid unknown;" the indictment was sufficient. (*People* v. *Taylor*, 3 Den., 91.)

The indictment in this case charges that the defendant "did willfully, unlawfully and knowingly sell, vend and cause to be sold and vended what are commonly known and called lottery policies, the particulars whereof are unknown to the jurors aforesaid, and did then and there sell and vend divers of such lottery policies to divers persons to the jurors aforesaid unknown," and we think this is sufficient. The facts which are here stated to be unknown are only matters of description, and not at all necessary to the accusation. There was no danger under this indictment that the defendant might be tried for an offense for which he was not indicted, and being convicted there will be no difficulty in pleading the conviction and judgment in bar of another prosecution for the same offense.

The defendant was convicted upon the counts that contained the averments above mentioned.

Upon the merits the case was very fairly and very carefully presented to the jury by the charge of the court, and the jury found the defendant guilty, and we think there was evidence enough to sustain the conviction.

The proof was not very strong, and it would doubtless have been more satisfactory to the court and jury if it had been stronger. But we must remember that unlike the transactions in the life of Saint Paul, which he recounted before King Agrippa, these things were done in a corner. The ways of vice and crime are dark and mysterious, and crimes are perpetrated in thievish corners, away from the eyes of honest men. While, therefore, we must be careful and see to it, that convictions are not secured upon improper or insufficient testimony, yet we must not ask too much. If a jury as in this case has found the facts, and as so found they are sufficient to sustain the conviction, the appellate tribunal cannot interfere on that ground.

The conviction and judgment must be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Conviction affirmed.