THE PEOPLE OF THE STATE OF NEW YORK, RE-
SPONDENTS, v. HENRY GRIFFIN AND CHARLES RILEY,
APPELLANTS.

*Code of Criminal Procedure, sec.* 543 — *when an erroneous judgment is entered upon a lawful verdict the appellate court must correct it, and not remit the case to the trial court.*

By section 543 of the Code of Criminal Procedure it is made the duty of the appellate court, when an erroneous judgment has been entered upon a lawful verdict, to correct the judgment in such manner as to make it conform to the verdict.

It is no longer proper to remit the case to the trial court to have the proper judgment pronounced, as was required by chapter 226 of 1863.

APPEALS from judgments, entered on the conviction of the defendants upon their trials upon indictments for felonious assaults.

*S. B. Noble,* for the appellants.

*Benjamin W. Downing,* district-attorney, for the people.

CULLEN, J.:

There was no general verdict on any count of the indictment. The jury found the prisoners guilty of assault and battery with intent to do bodily harm. This verdict was, in its legal effect, a conviction of assault and battery only. (*Hussy* v. *The People,* 47 Barb., 503.)

The defendant Riley was sentenced, on such conviction, to imprisonment for six months in the penitentiary. This sentence could be pronounced for an assault and battery. The record, therefore, discloses no error as to him, and the conviction and judgment thereon must be affirmed.

The defendant Griffin was sentenced, as for a felony, to imprisonment in the states prison for one year. This judgment was unauthorized. Before the statute of 1863 (chapter 226) this error would have compelled the prisoner's discharge.

After the passage of that statute the record was remitted to the court below, with directions to pronounce a proper judgment. (*Hussy* v. *The People, supra*.) But the Code of Criminal Procedure seems to have altered the practice in this respect.

By section 543 it is made the duty of the appellate court, where an erroneous judgment has been entered upon a lawful verdict, to correct the judgment to conform to the verdict, and there is no provision for remitting the case to the trial court.

It seems, therefore, that the appellate court must now pass the proper sentence.

The judgment upon the defendant Griffin must be reversed, and the prisoner brought before this court for judgment on his conviction.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Conviction and judgment affirmed.

Sentence as to Griffin set aside, and defendant Griffin to be brought before the court for sentence as for an assault and battery only.