## Son vs. The People.

In *every case* where a party, charged with a *criminal offence*, is brought before a justice on a warrant, he must be examined in relation to the offence charged, and is entitled to have witnesses sworn and examined on his part, and to have the assistance of counsel; a conviction, however, will not be quashed, or a judgment set aside, after trial had, for the omission of duty by the justice in these particulars.

A conviction in a court of special sessions, founded upon the verdict of a jury, will not be quashed, on the ground that the verdict was against evidence.

It is not necessary that a defendant in a *criminal proceeding* should be present in court when judgment is pronounced, except when *corporal* punishment is to be inflicted.

R. BEEBE, a creditor of *David Son*, made complaint in writing before a justice of the peace, (under the provisions of

the " act to abolish imprisonment for debt and *to punish fraud-* *ulent debtors,* Laws of 1831, page 402, § 26,) that *Son* had disposed of his property with intent to defraud his creditors, specifying 6 chairs, 1 table, 1 bed and bedding, crockery and cooking utensils, as property of which he had been possessed, and which he had put out of his hands into the possession of his father, *Thomas Son.* The *complaint* was sworn to by *Beebe,* and the justice issued a *warrant* for the arrest of *David Son,* who was taken and brought before the justice. The accused asked that the justice take his *examination* upon the charges made against him; the justice refused to do so, and required him to elect how he would be tried ; he chose to be tried by a court of *special sessions,* and gave surety for his appearance at a future day. On the day assigned, three justices assembled, and the accused moved for his discharge, on the ground that the justice before whom he was brought, on the return of the warrant, had refused to examine him as to the truth of the matters contained in the complaint, and had not permitted him to produce witnesses to show that the complaint was unfounded. The court of special sessions refused to discharge him on these grounds, and he then demanded a trial by jury, who were summoned and sworn to try the cause. It was proved that Beebe was a judgment creditor of the defendant, and several witnesses testified to declarations made by the defendant of his having put his property out of his hands to defraud his creditors. *Thomas Son,* the father of the defendant, testified that his son was indebted to him in the sum of $64, and had given him a mortgage upon property to the amount of $102,62, besides delivering to him 6 chairs, for which he allowed him $9, which he said was their value. He further testified that the table was worth $6, the bed and bedding $20, and the crockery $2,25 ; upon the cooking utensils he affixed no value. Upon this evidence being given, the defendant moved for his discharge, on the ground of the want of jurisdiction in the court to take *further cognizance* of the case ; it now appearing, he contended, that the property removed *exceeded* in value the sum of $50. The court, however, refused to discharge him, and submitted the

UTICA,
July, 1834.

Son
v.
The People.

case to the jury, who, after having retired, brought in a verdict of *guilty ;* whereupon, the court pronounced judgment that the defendant pay a fine of ten dollars, and stand committed until the sum be paid : the defendant was *not present* when the judgment was pronounced. The defendant sued out a *certiorari.* The above facts appear in the return of the court of special sessions.

*M. Van Deuzen,* for the plaintiff in error.

*G. C. Bronson,* (attorney general) for the people.

*By the Court,* SAVAGE, Ch. J. This is a *certiorari* to a court of special sessions, to review their proceedings in a case arising under the act to abolish imprisonment for debt and *to punish fraudulent debtors.* By the 26th section of that act, any person who shall remove any of his property out of any county, with intent to prevent the same from being levied upon by any execution, or who shall secrete, assign, convey, or otherwise dispose of any of his property, with intent to defraud any creditor, or to prevent such property being made liable for the payment of his debts, shall, on conviction, be deemed guilty of a *misdemeanor ;* and when the property removed, secreted, concealed, assigned, conveyed, or otherwise disposed of, shall be worth $50, or less, the offence may be tried by a court of special sessions. The term *misdemeanor* is used in contradistinction to *felony,* and comprehends all indictable offences which do not amount to felony : when, therefore, the legislature declare any act a misdemeanor, they virtually say that such act is an indictable offence. In a court of special sessions there is no *indictment,* but the *complaint* supplies the place of an indictment.

The incipient proceedings before a magistrate are, by the revised stautes, the same, whatever may be the offence charged. Persons arrested by virtue of any warrant for any offence, where no special provision is made, shall be brought before the magistrate who issued the warrant, who shall proceed to examine the complainant and his witnesses on oath· He shall next examine the defendant, but not on oath ; the defendant may produce witnesses, who shall be sworn and

examined. The magistrate then shall either discharge, let to bail or commit the defendant, according to the sufficiency of the evidence and the nature of the offence. 2 R. S. 708, 709. Before the last revision of the statutes, an examination of the persons arrested was necessary only upon a charge of treason or felony, or suspicion thereof, 2 R. L. 507 ; but by the revised statutes, above referred to, *all persons arrested under any warrant, issued for any offence,* are to be treated in the same manner—are to be examined, and to have witnesses produced against them, and in their favor, at their option. Formerly, this proceeding was *ex parte,* an inquiry on the part of the people only ; but now it partake, in some measure, of the nature of a trial. It was clearly the duty of the justice, when the prisoner was brought before him on the warrant, to have examined the complainant and the witnesses, if any, produced in support of the prosecution ; and then to have examined the prisoner, but not on oath, and to have sworn and examined the prisoner's witnesses, if he produced any. This he refused to do, and in this he undoubtedly erred ; but as the statute is only directory to the magistrate, and as the prisoner was subsequently tried and convicted, the conviction should not be reversed for this error alone. Suppose, that instead of being tried by a court of special sessions, the prisoner had been bound to appear at the general sessions, and had been indicted, tried and convicted, would it not be unreasonable that the conviction, proper in itself, should be reversed for the error of the justice in the commencement of the proceedings, and which had no effect upon the final determination ?

The charge against the prisoner (the plaintiff in error) was that of fraudulently disposing of his property, viz. 6 chairs, 1 table, 1 bed and bedding, crockery and cooking utensils, with intent to defraud his creditors, in violation of the 26th section of the act to abolish imprisonment for debt, above referred to. On the trial, the fact was proved to the satisfaction of the justices and the jury who tried him. If, as is alleged, the verdict was against evidence, the party can obtain no redress in this proceeding. 2 R. S. 718, § 44. This point as well as the preceding were expressly decided in *The People* v. *Vanderwerker,* 5 Wendell, 530.

It is further objected, that the court proceeded in the trial of the cause after the fact appeared that the property assigned exceeded $50 in value ; and such proceeding, it is alleged, was without jurisdiction. The complaint states that certain articles were fraudulently assigned or conveyed, but affixes no value to them ; their value is proved by the prisoner's father, the alleged fraudulent assignee, to be $37,25. It also appeared that T. Son, the assignee, claimed all the property of the prisoner by virtue of a mortgage, except the chairs, valued at $9, which he said he had purchased ; and that the whole property, including the chairs, amounted to $102,62. His demand against his son he stated at $64. It may well be that the jury took into consideration the transfer of the chairs alone, considering the mortgage valid. The two transactions had no necessary connection. The court was therefore correct in retaining jurisdiction of the prisoner, and proceeding with his trial.

The only remaining objection is, that judgment was pronounced in the absence of the prisoner. The rule is, that when any corporal punishment is to be inflicted on the defendant, he must be personally present in court when sentence is pronounced. Mr. Chitty says, 1 Chitty's Cr. Law, 695, if a clerk in court will undertake for the fine ; and so in *The Queen* v. *Templeman,* 1 Salk. 56. But it is clear the clerk's presence makes no difference ; neither have we any such officer in our courts as that spoken of in the case referred to. The true reason why a fine may be imposed in the absence of the prisoner, and not a judgment that he be put in the pillory or prison was, that there is a regular process to collect the fine, but none to take a man who is at large and put him in the pillory. *Rex* v. *Duke,* 1 Salk. 400. Ld. Raym. 267. 12 Mod. 156. 2 Hawk. ch. 48, § 17. In *The People* v. *Winchel,* 7 Cowen, 525, this court refused to give judgment in the absence of a defendant who had been convicted of perjury. No reasons are given by the reporter. The court, no doubt considered the point settled by authority. The imprisonment in the present case was no part of the punishment, but only a mode of enforcing payment of the fine. If the

fine is paid upon the defendant's being arrested, there is no authority to imprison. I am of opinion, therefore, that the proceedings ought to be affirmed.

Conviction confirmed.