## THE PEOPLE *ex relat.* YOUNG *vs.* CRAFT.

Where an attachment, in a suit in chancery, issues for a contempt in not obeying the process of the court or an order or decree made in the cause, the proceedings upon the attachment may be entitled either as in the original suit, or in the name of the people on the relation of the party prosecuting the attachment.

Where the defendant has no family, but boards or makes it his home in the family of another, the subpœna to appear and answer may, in his absence from home, be served upon either of the heads of the family at such place of his abode, although he has no wife or servant. But to make such service regular, the place of service must be his actual place of residence at the time of service, and his absence therefrom must be merely temporary.

THIS was an appeal from an order of the vice chancellor of the first circuit discharging the defendant from arrest upon an attachment, at the suit of the appellant, for an alleged contempt, in not entering his appearance upon a subpœna supposed to have been served upon the wife of the defendant at his residence in New-York.

*December 18.*

*J. W. Merritt,* for the relator.

*W. Silliman,* for the defendant.

THE CHANCELLOR. The objection of the defendant's counsel that the proceedings are not properly entitled is not well taken. In proceedings in this court, between parties to the suit, for a contempt in not obeying the process of the court or any order or decree in the cause, the proceedings on the attachment may be and they usually are entitled as in the original suit. But it is strictly regular to entitle them, as in this case, in the name of the people on the relation of the person prosecuting the attachment, against the defendant or party proceeded against in such attachment ; al-

though the entitling of the proceedings as in the original cause is the most convenient practice. (*Stafford* v. *Brown*, 4 *Paige's Rep.* 360.)

Upon the merits of the case, however, the defendant is right ; and I have therefore no reason to doubt the correctness of the decision of the vice chancellor in refusing to convict the defendant of the alleged contempt. So far as relates to most of the facts there is now no difference of opinion between the parties. The person who served the subpœna undoubtedly supposed he served the same upon the wife of the defendant, and at his residence in New-York. He found the name in the directory, indicating that the defendant was a grocer in Front-street and resided at No. 28 Rutgers-street. And when upon inquiry at the store in Front-street, and at the house also described in the directory, he learned that the defendant J. F. Crafts was out of town but that he would return in about ten days, it was perfectly natural for him to suppose that Mrs. Crafts, the lady of the house, who he then inquired for and upon whom he served the subpœna and injunction, was the wife of the defendant. It now turns out, however, that the defendant was a single man, and that it was upon the wife of his brother and partner, who occupied the house No. 28 Rutgers-street, that the subpœna was served. I do not see any thing in the case upon which to found a suspicion that Mrs. Crafts intentionally misled the person who came to serve the subpœna, or that she had any idea that he had mistaken her for the wife of the defendant. Neither was it material whether she was or was not the wife, so far as the service of the subpœna was concerned ; for if the defendant resided there at the time this service on her was a good service. Where the defendant has no family, but boards or makes it his home in the family of another, the service of the subpœna upon either of the heads of that family at such place of abode, is a good service, although the defendant has neither wife or servant or any family of his own. (2 *Howard's Equity Side*, 737.)

To make such service regular, however, where the defendant has no family, the place of service must be his actual place of residence at the time of service, and not mere-

1838.

The People
v.
Craft.

ly constructively so. In other words, his absence at the time of the service must be a mere temporary absence from the family with whom he then boards or resides. In this case the defendant, in answer to the interrogatories, swears that he resided in the state of Indiana when this subpœna is said to have been served ; which answer would be clearly false if he was at that time actually living in his brother's family in the city of New-York, and was only temporarily absent therefrom on a journey or a visit, with a fixed determination to continue his residence at No. 28 Rutgers-street, and in that family. And there is nothing in the affidavit of the person who served the subpœna, even as to belief or hearsay, which goes to contradict the defendant's answer. The most that can fairly be inferred from that affidavit is that the defendant, who was concerned in business with his brother in New-York as well as at Lawrenceburgh in Indiana, was probably in the habit of staying with his brother in Rutgers-street whenever he came to New-York. But whether he was ever a legal resident of this state before he came to his brother's to reside, after relinquishing his business in Indiana, twenty days after the service of this subpœna, is left wholly to conjecture. Neither does it appear whether Lawrenceburgh or New-York was his domicil of origin ; but most probably he had once resided in New-York, as his name was found in the directory as a resident there.

The order appealed from must be affirmed with costs.