SUPREME COURT.    Onondaga General Term, October, 1857.
*Hubbard, Pratt, Bacon* and *W. F. Allen*, Justices.

## THE PEOPLE *v.* MARY SHEA.

A conviction for misdemeanor, before a Court of Special Sessions, cannot be reviewed on a return to a writ of *habeas corpus.*

Where it appears, by a return to a writ of *habeas corpus*, that the prisoner in whose behalf it was sued out is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, it is the duty of the officer before whom the writ is returned forthwith to remand the prisoner.

Where a statute prohibits an act which is not criminal at common law, and imposes a civil penalty for its commission, the act is not indictable; but if, at the time of the enacting of the statute, it was already prohibited by a former statute, and the statute imposing the penalty contains provisions showing that the legislature did not intend that the civil penalty should constitute the only punishment, it may, in addition to the penalty, be also punished as a misdemeanor.

Selling liquor without a license is an indictable offence, and punishable as a misdemeanor, under the act of April 16, 1857, entitled "An act to suppress intemperance, and to regulate the sale of intoxicating liquors."

CERTIORARI to the county judge of Onondaga county. The facts are sufficiently stated in the opinion of the court.

*Henry S. Fuller* (District Attorney), for the people.

*John C. Hunt*, for the defendant.

*By the Court*, PRATT, J. — The defendant was convicted under the new license law, before a Court of Special Sessions, for selling liquor without a license, and sentenced to pay a fine, or in default thereof to be imprisoned in the county jail. On application in behalf of the prisoner, the county judge of Onondaga county issued a writ of *habeas corpus*, and upon the prisoner being brought before him, it was insisted on her behalf that the offence was not a misdemeanor under the statute; but the county judge over-

The People *v.* Shea.

ruled the objection, and remanded her to the custody of the jailor.

This *certiorari* was sued out to review his decision.

Assuming the decision of the Court of Special Sessions to be erroneous, it could not be reviewed upon the return to a *habeas corpus.* By the statute of the state, persons committed or detained by virtue of the final judgment or decree of any competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon such judgment or decree, are not entitled to prosecute that writ; and if it appears, upon the return of such writ, that the person is thus committed or detained, the officer suing the writ is directed forthwith to remand him. A court of Special Sessions is clearly a court of criminal jurisdiction, and the commitment was by virtue of a final judgment of that court. The county judge was, therefore, for this reason, right in remanding the prisoner. (2 *R. S.*, 563, § 22; *id.*, 567, § 40.)

But as this is an important question under the new excise law, and one that will frequently arise before subordinate tribunals; we deem it expedient to examine it upon the merits, in order that there may be an early settlement of the question.

It is well settled that where an act is prohibited by statute which is not criminal at common law, and a penalty is imposed in the same statute declaring such prohibition, the act is not indictable. This principle was distinctly recognized in the case of *The People* v. *Stevens* (12 *Wend.*, 347), It is based upon the assumption that the legislature, having fixed the penalty at the same time of prohibiting the act, designed that there should be no other punishment; but where the act was criminal at common law, or already prohibited by a former statute, the imposition of a civil penalty would not take away the power to punish by indictment. So, when the statute itself contains any provisions showing that the legislature did not intend that the civil penalty

should constitute the only punishment, the remedy by indictment would not be taken away.

Hence, if a statute direct that the prosecution may proceed in a certain way or otherwise, as if a statute give a recovery by action of debt, bill, plaint or information, or otherwise, it authorizes a proceeding by indictment. (*Arch. Cr. Pl.*, 1, 2; 2 *Hawk.*, ch. 25, § 4.)

In fine, it is simply a question of legislative intent. In looking, therefore, at the statute in question, in its whole scope and bearing, and in connection with previous legislation upon the same subject, can we infer an intention on the part of the legislature to confine the remedy for a violation of its provisions in selling without license to the civil penalty therein imposed, or is the intention manifest that the offender shall also be punished by indictment? Upon a careful examination of the statute, it seems to me that the conclusion is irresistible that the latter was the intention of the legislature.

First. This act, in its leading characteristics, is very similar to the old excise laws, both in its prohibitions and its penalties.

Under those laws, the selling in quantities less than five gallons was prohibited by penalties in substantially the same form as in the present act. By an independent section of that act, all offences against provisions were declared misdemeanors, and this court, in the cases of *The People* v. *Stevens* (13 *Wend.*, 341), and *The People* v. *Brown* (16 *id.*, 561), held that selling the prohibited quantities without license were offences against the provisions of the act, and therefore misdemeanors, and indictable.

If, therefore, selling without license constituted offences against the provisions of that act, it is difficult to find any good reason why similar violations of the present statute should not also be deemed offences against its provisions. And, although such offences are not, by this statute, declared in express terms to be misdemeanors, yet the whole scope

The People *v.* Shea.

of the statute shows that they were designed to be indictable.

By section sixteen it is made the duty of certain officers, therein enumerated, to arrest " all persons found actually engaged in the commission of any offence in violation of this act, and forthwith to carry such persons before any magistrate," &c., who is to try them or hold them to bail as for any other misdemeanor triable by a Court of Special Sessions.

In a subsequent part of the same section it is made the duty of " the magistrate to entertain any complaints of a violation of this act, made by any person under oath, and forthwith to issue a warrant and cause such offender to be brought before him to comply with the provisions of this section," &c. Here, the term used is " any complaint of a violation of this act," and upon such complaint being made a warrant is to be issued. The term " offence," which the counsel for the prisoner insists only means those violations of the law declared in the act itself to be misdemeanors, is not used, but the more general term " violations of the act," and the proceedings directed to be taken by the magistrate are such as are applicable to cases of misdemeanors only.

So, by section twenty-ninth, it is made " the duty of courts to instruct grand jurors to inquire into all offences against the provisions of this act, and to present all offenders under this act."

These provisions show that the legislature deemed all offences against the provisions of the act misdemeanors as plainly as if they had in express terms declared them such.

The act of selling without license is called, in those sections of the statute imposing the penalties, offences.

By section thirteenth it is declared that whoever shall sell any strong or spiritous liquors or wines, in quantities less, &c., shall forfeit $50 for each offence. By section fourteenth, whoever shall sell to be drank in his house, &c., shall forfeit $50 for each offence. In fine, all through the statute, violations of the provisions of the act are termed offences. And

it is a primary rule for the interpretation of statutes, that when the same term or expression is used in different parts of the same statute, it shall be deemed to have the same meaning, unless the contrary very plainly appears to have been the intention of the legislature. (*Smith on Stat.*, 673; *James* v. *Dubois*, 1 *Har.*, 282.)

The term offences against the act, in its ordinary significations, would embrace any violation of the act. The general statutory definition, as given in the Revised Statutes, which is invoked by the prisoner's counsel in aid of the construction insisted upon by him, throws but little light upon the point. By that statute the term "offence," when used in a statute, shall be construed to mean any offence for which any criminal punishment may by law be inflicted. Now, the question in controversy is, whether this particular violation of the act is punishable criminally. If so, the term offence applied to it would be in strict accordance with the statutory definition of the term.

Again, as it already appears, the act itself calls this violation an offence. Now, if the statutory definition of that term is of any force whatever to settle the question under examination, it is against the construction contended for on behalf of the prisoner. For the term, when used in any statute, is to be construed to mean any offence for which any criminal punishment may be inflicted. (2 *R. S.*, 886, § 37.)

Upon the whole, I am satisfied that it was not the design of the legislature to limit the punishment for the violation of the act in question to the penalty imposed therein, but to authorize a proceeding by complaint before a magistrate, or by indictment.

Proceedings affirmed.