## Case No. 842.

### BANK v. LABITUT.

[1 Woods, 11.] [1]

Circuit Court, D. Louisiana. April Term, 1870.

COURTS — MOTION TO REVIEW JUDGMENT AT SUB-
SEQUENT TERM — INTERVENTION AND THIRD OP-
POSITION.

1. Where the marshal had levied an execu-
tion on a crop of sugar and molasses, the in-
tervention and third opposition of parties claim-
ing a superior lien and privilege on the prop-
erty, asking that the marshal be required to
retain sufficient of the proceeds to pay the
claim of the interveners and for judgment
against the judgment debtor for the amount of
said claim, is a proceeding upon the law side
of the court, and the interveners are not com-
pelled to resort to a bill in equity for relief.

[See In re Hathorn, Case No. 6,214.]

2. The judgment or order of a court finally
disposing of a case, cannot be reviewed at a
subsequent term on motion. The only relief
for errors in law in such cases is by review,
writ of error or appeal, as either may be ap-
propriate.

[Cited in U. S. v. Millinger, 7 Fed. 187;
Fischer v. Hayes. 6 Fed. 63; U. S. v.
Malone, 9 Fed. 897; Allen v. Wilson, 21
Fed. 884.]

[3. A court has power at a subsequent term
to set right mere forms in the judgment, to
correct misprision of its clerks, and any merely
clerical error, so as to conform the record to
the truth.]

[Cited in Maybin v. Raymond, Case No. 9,-
338.]

At chambers. This cause came up at the
April term, 1870, on motion to reinstate
interventions and third oppositions which
had been dismissed at a previous term. [Dis-
missed.]

J. Ad. Rosier, for the motion.
Edward Phillips, contra.

WOODS, Circuit Judge. Alex. E. Prewett
and the Northern Bank of Kentucky each re-
covered judgment in this court on the law
side against Jules Labitut, the defendant,
on which executions were issued and levied
on defendant's crop of sugar and molasses,
made by him on his plantation in the year
1869. Before the sale under the execution,
Octave Hopkins filed his intervention and
third opposition in his own behalf, and an
intervention and third opposition in behalf
of a large number of other persons, of whom
he alleges himself to be the agent and at-
torney in fact. In this intervention he claims
that he and the persons whom he represents
have a lien and privilege on said crop of
sugar and molasses, superior to that of any
other creditor of Jules Labitut, and prays
that the marshal be directed to retain in
his hands the proceeds of the sale of the
crop, until the interventions and third op-
positions can be heard, and that judgment
against Labitut may be rendered in favor of
interveners, and the marshal directed to pay

[1] [Reported by Hon. William B. Woods, Cir-
cuit Judge, and here reprinted by permission.]

first, out of the funds in his hands from
the sale of said crop, the judgment in favor
of interveners. On the 8th of March, 1870,
during the last term of this court, these in-
terventions and third oppositions were dis-
missed, without prejudice to the right of the
parties to file a bill in chancery. On the
26th of April, during the present term of
the court, a rule was taken on the plaintiffs
in execution to show cause why the inter-
ventions and third oppositions dismissed on
March 8th should not be reinstated and the
order of dismissal rescinded. This is the
rule now before the court for decision.

We think the interventions and third op-
positions were improperly dismissed. That
courts of common law as well as courts of
equity and of admiralty possess a controlling
power over money brought into these courts
respectively by their process, is undeniable.
It is every day's practice in the common law
courts, upon rules to show cause or upon
motion to examine and decide the claims of
third persons to money made under execu-
tion and paid into court. These interven-
tions and third oppositions, in a more formal
and precise way, invoke a power of the law
side of the court which in common law
states is exercised upon motion or rule.
They constitute a convenient and summary
method of disposing of the rights of per-
sons to property levied on under execution.
And though the forms may differ in differ-
ent states, the proceedings have always been
considered to be on the law side of the court.
In some states when property is levied on
which is claimed by another, a summary
proceeding is instituted by the claimant,
called "trial of the right of property." After
the property is sold and the money is in the
hands of the officer of the court, it is reached
by motion, and the rights of the contestants
to the fund tried and adjusted by the court.
A bill in equity may be filed in a case of
equitable jurisdiction. We regard these in-
terventions and third oppositions as proceed-
ings on the common law side of the court.
The act of May 19, 1828, provides that the
forms and modes of proceedings in suits in
the courts of the United States held in those
states admitted into the Union since the 29th
day of September, in the year 1789, in those
of common law, shall be the same in each
of said states respectively, as are now used
in the highest court of original and general
jurisdiction of the same. This is the law
of this court to-day. Interventions and third
oppositions were in use in this state, on and
long prior to May 19, 1828, and we think
they are authorized by the statute just
quoted. These interventions were therefore
improperly dismissed. But we are clearly
of the opinion that the motion to reinstate
them, and to rescind the order dismissing
them comes too late. They were dismissed
March 8, during the term which commenced
on the first Monday of November, 1869, and
this motion is made during the term which

commenced on the fourth Monday of April, 1870.

Nothing is better settled than this, that after a court has adjourned, it cannot set aside one of its own judgments; the judgment is binding until reversed on error. See Bank of U. S. v. Moss, 6 How. [47 U. S.] 31, where this whole subject is discussed and authorities collated. A mere error in law of any kind, supposed to have been committed in a judgment of a court at a previous term, is never sufficient justification for revising or annulling it at a subsequent term in this summary way on motion. A court has power at a subsequent term to set right mere forms in its judgments, to correct misprisions of its clerks, and to correct any mere clerical errors so as to conform .the record to the truth; irregularities also in notices, mandates and similar proceedings, can in some cases be amended at a subsequent term, and in short, all amendments permissible under the statute of jeofails may be made at a subsequent term. But the only relief for errors in law in such cases is by review, writ of error or appeal, as either may be appropriate. The cases in which these interventions were filed, were completely disposed of at the last term of this court. The interventions were dismissed. That is the end of the matter. The cases cannot be heard again at a subsequent term by having them again placed on the docket. They have become res adjudicata, and can only be reached in one of the methods already indicated. Because this motion comes too late, it must be dismissed.