infinitely more injurious and pervading in their consequences than the comparatively trivial evil of a secret midnight burglary, committed by a few degraded, obscure, and uninfluential thieves. And as in this case I have, so in all others I probably shall, yield to an anxiety that there shall be no escape, if, in fact, a defendant has committed a crime which, in its example and influence for evil, is exceeded by no officer of which this or any other tribunal has cognizance.

The jury found defendant guilty on the first, third, fourth, fifth, and sixth counts.

[See Case No. 16,171.]

## Case No. 16,171.

### UNITED STATES v. ROBBINS.

[15 Int. Rev. Rec. 155; 6 Am. Law Rev. 765.] [1]

Circuit Court, S. D. Ohio.  May 15, 1872.

CRIMINAL LAW—JURISDICTION OF FEDERAL COURTS —FINE AND IMPRISONMENT.

[1. The word "fine," as defined by Coke, Littleton, Blackstone,. and Chitty, includes imprisonment, unless the money is paid.]

[2. By the practice at common law, if defendant were absent at the time of conviction, and the offence were finable only, the proper judgment was "quod capiatur"; but if he were present, and did not pay the fine, the judgment was that he stand committed to jail until the fine be paid.]

[3. In cases of statutory crimes punishable by fine or by fine and imprisonment, the federal courts have an inherent power, derived from the common law, to sentence the person convicted to confinement in jail until the fine is paid.]

[Cited in Fischer v. Hayes, 6 Fed. 73.]

[This was an application by John T. Robbins for a writ of habeas corpus.]

In June, 1870, the defendant was convicted of sundry violations of the internal revenue law, viz., the 71st section of the act of July 20, 1868 [15 Stat. 156]; and sentenced to a year's imprisonment, and to pay a fine of $2,000 and costs, and stand committed until the fine and costs were paid.  [Case No. 16,170.]  After the expiration of the year's imprisonment, the defendant being still detained in the Hamilton county jail as the fine and costs were not paid, the writ of habeas corpus is sued out of the circuit court on the ground that that part of the sentence which ordered the prisoner to stand committed until the fine and costs were paid, was void in law, and consequently that the detention was illegal.

W. M. Bateman, U. S. Atty., and Henry Hooper, Asst. U. S. Atty.

Durbin Ward and Butterworth & Vogeler, for petitioner.

Before EMMONS, Circuit Judge, and SWING, District Judge.

EMMONS, Circuit Judge, gave an oral opinion, promising the bar at a future time to render a written and detailed decision.  The following is a summary of the point decided: That the word "fine," as defined by Coke, Littleton, Blackstone, and Chitty, includes imprisonment unless the money be paid; for, as stated by the former, "to a fine imprisonment regularly appertaineth."  That the practice at common law is as stated by Chitty; if the defendant be absent at the time of conviction, and the offense is finable only the proper judgment is "quod capiatur"; but if the defendant be present and does not pay the fine, that he stand committed to jail until the fine be paid.  Ex parte Watkins, 7 Pet. [32 U. S.] 574, distinctly recognises and affirms this doctrine.  Kane v. People, 8 Wend. 206; Reg. v. Dunn, 12 Adol. & E. 1241, 12 Wend. 344.

The counsel for defendant urge that although the common law authorized the imposition of imprisonment until the fine was paid, this does not, at least in the states, apply to statutory offences; and that so far as Ohio is concerned, the supreme court of the state, in 11 Ohio Reports, has decided that the common law mode of procedure does not exist here.  We find no such distinction as that urged by the learned counsel. for the petitioner, which would confine the power of commitment to common law offences.  On the contrary, nine-tenths of all the instances of its exercise are those of convictions under statutes.  There is a long and unquestioned exercise of this right, both in England and this country.  The cases in the Ohio Reports cited above, so far from denying the common law power concede it expressly, and only say, that in Ohio when the offence is statutory, they hold that the sentence should be confined to the letter of the law, and that the common law power is impliedly taken away or re voked.  Of course it is readily granted that there is no common law jurisdiction of crimes in this court; which is a very different question than looking to the common law for the mode of proceeding in criminal cases.  The power to commit a person convicted of a statutory offence—where the statute imposes a fine—to jail until the fine be paid, is, we think, an inherent power in the court derived from the common law.

The petition is accordingly refused.

## Case No. 16,172.

### UNITED STATES v. ROBERTS.

[See In re Crittenden, Case No. 3,393.]

## Case No. 16,173.

### UNITED STATES v. ROBERTS et al.

[2 N. Y. Leg. Obs. 99.]

Circuit Court, S. D. New York.  May, 1843.

ADMIRALTY JURISDICTION—CRIMES COMMITTED IN FOREIGN HARBORS—PIRACY—REVOLT— AUTHORITY OF MATE.

1. Where prisoners were indicted for an endeavor to make a revolt on board of the Ameri-