• Johnson, J.
1. Is this indictment, after a plea-of guilty, sufficient in law to warrant the sentence of the court ? By the code, sec. 90, “No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, •arrested, or in any. manner affected, . . . for any . . . defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.”
By section 107, “ A motion to quash may be made in all cases where there is a defect apparent on the face of the record, including defects in the form of the indictment, or -the manner in which the offense is charged
By section 108, “A plea in abatement may be made when there is a defect in the record, which is shown by facts extrinsic thereto.”
And by sec. Ill, “ The accused shall be deemed to have waived all defects, which may be excepted to by. motion to -quash, or plea in abatement, by demurring to the indictment, or pleading in bar, or the general issue. A demurrer to the indictment (sec. 109) lies when it does not state facts that constitute an offense punishable by the laws of this ■.state, or when the intent is not alleged where proof of it is mecessary to make out the offense charged. It follows, *575 -therefore, that as to all matters relating to the form of the indictment, the manner in which the offense is charged, or ■any other defect apparent on the face of the record, as well as defects shown by extrinsic facts, are waived by pleading -to the general issue, as this defendant has done.”
By section 195, he may plead in arrest of judgment— 1. “ That the grand jury which found the indictment had not legal authority to inquire into the offense charged, by ■reason of it not being within the jurisdiction of the court. 2. That the facts stated in the indictment do not constitute •an offenseand “ no judgment shall be arrested for defect of form ” (sec. 196); nor “ for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant on the merits” (sec. 90).
We suppose, notwithstanding the plea of guilty, the defendant may object to the jurisdiction of the court, or the grand jury, over the subject-matter, or that no offense was •charged against him;, but no't for any defect of-form or manner of stating the facts, if there was a substantial •charge of an offense.
It is claimed there is such a defect, in this, that the names of the persons with whom he played are not stated.
The statute makes it an offense for any |>erson or persons to play at any game whatsoever, for money or property. Each individual engaged in the game may be separately, or •all jointly indicted, and on a joint indictment there may be ■several verdicts.
The indictment is in the usual form. The words used convey, in their common acceptation, a charge of gaming, that is, that the defendant was guilty of playing a game called draw poker, with a certain gaming device called a pack of cards, for the sum of six dollars. He could hardly misunderstand the charge — was satisfied with the manner of stating it, and said, “ I am guilty.” It is said these words do not imply a game of chance, and that he may have played for wages without regard to the result. This is a strained construction of the words .taken in their natural connection and ordinary meaning. The game was *576 played with a gaming device — a pack of cards — and for money. A game played for money in ordinary acceptation,, means exactly what the statute contemplates — that is, playing for money.
This indictment is in the same form that is in common, use. "Warren’s Crim. Law, 630.
An indictment should state the facts constituting the offense, so that the accused may know what he is to meet. The highest degree of certainty is not required; certainty to a common intent is sufficient. No rule should be applied which will only shield the guilty, instead of securing the ends of the law. Where the indictment clearly charges a crime, and fairly advises the defendant of the particular act of which complaint is made, the principal object of such iudictment is attained.
Davis v. The State, 7 Ohio, pt. 1, 201. is relied on. That was a charge of suffering certain evil-disposed persons to. play for gain with cards, in a house in defendant’s possession, and was founded on the 9th section of the same*act. It was then held that the names of the persons should be stated, or that they were unknown to the grand jurors, for-the reason that, to constitute the offense, persons must be-suffered to play games contrary to law in his house. This, was an essential fact, and it should be stated to constitute the offense.
To the same effect was Buck v. The State, 1 Ohio St. 61, where the indictment was for permitting gambling in defendant’s room, under the act of 1846.
To describe the offense in either of these cases, requires-a statement of the facts constituting a suffering or permitting games forbidden by law in his house.
The offense under the 7th section is the personal act of the party charged, and not for suffering or permitting others to commit an offense.
II. Did the court err in not complying with section 169-of the criminal code ?
It provides that, “ Before the sentence is pronounced, the-defendant must be informed by the court of the verdict of *577 the jury, and asked whether he had anything to say why judgment should not be pronounced against him.”
That this section relates to proceedings after trial and verdict, and not to cases where a plea of guilty is entered,, we are inclined to believe.
By section 119, “ If the accused plead guilty, the plea, shall be recorded on the indictment, and the accused shall be placed in the custody of the sheriff until sentence.”
Title VI of the code relates to the trial by jury and proceedings incident thereto, the evidence and mode of taking exceptions.
Title VII relates to the rendition of the verdict, sentence,, &e. Sections 164, 165, 166, 167, and 168 of this title prescribe the duty of the jury during trial and in rendering’ their verdict, and then comes section 169, providing for a sentence on the verdict, before which the defendant must, be “ informed by the court of the verdict of the jury, and asked if he has anything to say,” and by section 170, if he-has nothing to say, “ the court shall proceed to pronounce judgment.”
By section 171, if defendant be convicted “ by confession or otherwise,” he may move the court to hear testimony in-mitigation of the sentence.
So far as anything he may have to say in mitigation of the sentence is concerned, it must be on his own motion.
A defendant, after a trial and verdict of guilty, may move-the court for a new trial, for any of the causes specified in the code. One who has plead guilty has waived a trial, and can not make such a motion. It would be idle, therefore, to ask the question to one who by his plea has waived the right to avail himself of all matters that might arise on a motion for a new trial.
He may, however, move in arrest of judgment, for an^ of the causes allowed. This presents the question we have already considered, Do the facts constitute an offense? Have his substantial rights on the merits been prejudiced?
"We are of opinion that the words of this indictment are- *578 sufficient upon motion in arrest of judgment on which to found the sentence. It follows, that conceding the court -omitted the duty required by section 169, yet the defendant has not been prejudiced, as the record shows a sufficient indictment in a court where the grand jury had authority to find the indictment.
By section 232, when the code does not prescribe the mode of proceeding, the former practice may be resorted to.
At common law, in a case like the present, where the penalty was only a fine or pecuniary penalty, the presence -of the defendant at his sentence was not essential.
It was optional with the defendant to be’ present or not in such a case.
The code of criminal proceedings certainly does not re•quire greater strictness in matters of detail than the old system. Reg. v. Templeton, 1 Salk. 55; Son v. People, 12 Wendell, 344; People v. Taylor, 3 Denio, 98, note; People v. Clark, 1 Parker, C. C. 360; Rex v. Hann, 3 Bur. 1786.
If, however, imprisonment is to be inflicted, or other punishment higher than a fine, whether the crime is treason, ■felony, or misdemeanor, the defendant must be present. 1 Bishop’s Crim. Proc. sec. 275 and notes, and 276. Again, there is no law requiring the duties prescribed by section 169 to be made part of the record in the case.
This section of the code was under review in Bond v. The State, 23 Ohio St. 349. In that case, the record showed that the court asked the statutory question, after verdict and before sentence, but did not show that the prisoner was informed of the verdict of the jury.
It is there said that in the absence of a bill of exceptions ■showing the contrary, .this court will presume that he was .so informed of the verdict.
In that case the court say : “ Whether it would be error for which judgment could be reversed, for the court to omit giving the information or asking the question specified, we ,are not called on, in the present case, to decide. It is ^enough to say, that there is nothing in the code requiring •■the fact that the defendant was informed by the court of *579 the nature of the verdict to he recorded, and in the absence of a bill of exceptions showing the contrary, we think the fact that such information was given by the court must be presumed, equally as many other parts of the proceedings, which, though admittedly essential, form no necessary part of the record.”
If that reasoning is sound, as to the omission in the record in that case, and we think it is, it is conclusive of this case; for in this the record is silent, both as to the information to be given and as to the question to be asked.
The journal entry of the arraignment, plea, and sentence is in the usual form, and is silent as to whether the instructions in section 169 were observed or not. We will presume, until the contrary is made to appear, that the court •did all that was required.
We are inclined to the opinion that section 169 applies only where there is a verdict of guilty ; but, be that as it may, as there is no bill of exceptions showing an omission of duty, we will not presume there was such omission when the matter is not essential to a complete record.
Whether this section of the code is mandatory or directory, we have not found it necessary to consider, and have not determined.

Judgment affirmed.

Scott, Chief Judge, Day, Wright, and Ashburn, JJ., concurred.