### *In re* MANNING.

*(District Court, S. D. New York. December 16, 1890.)*

PRACTICE—CONTEMPT—WRIT TO FOREIGN DISTRICT.

A writ or order for the punishment of an officer of the court for contempt under section 725, Rev. St., cannot run to the marshal of another district. The accused, if in another district, can only be reached through a proceeding for his arrest there, as for a criminal offense, and then must be transferred by order of the court there, under section 1014, Rev. St. In that section the clause "or any state where he may be found" applies to the magistrates therein previously named. Following *U. S. v. Case,* 8 Blatchf. 250.

In Bankruptcy.
*Evarts, Choate & Beaman,* for application.

BROWN, J. The desired writ, which is for the punishment of an officer of the court for contempt in not paying over money as ordered, should not be addressed to any marshal beyond the territorial jurisdiction of the court. A United States court cannot send its process into another district, except where specially authorized so to do by some act of congress.

*Ex parte Graham*, 3 Wash. C. C. 456, 462. Subpœnas are thus authorized to the distance of 100 miles. Such contempts as fall within section 725 of the United States Revised Statutes are criminal offenses against the United States, (*Fischer* v. *Hayes*, 19 Blatchf. 13, 6 Fed. Rep. 63; *In re Pitman*, 1 Curt. 186; *New Orleans* v. *Steam-Ship Co.*, 20 Wall. 387,) and must be unhesitatingly punished. The accused person may be reached by proceedings under section 1014 when found in another district, and may be arrested there, and then transferred in the usual manner under that section; the proceedings there being based upon the writ of attachment previously issued by the court having jurisdiction of the cause. For all ordinary crimes there is no other means of reaching persons in other districts. No process issues from the judge or court of one district to the marshal of another district. The transfer is made pursuant to section 1014 only. Proceedings in extradition cases under section 5270 stand on a wholly different footing. *In re Henrich*, 5 Blatchf. 414, 421. I have not been referred to any United States statute or precedent that authorizes the process of the court in cases of contempt or of any ordinary criminal proceeding to run to the marshal of another district. In section 1014 the clause "or any state where he may be found," and the next following clause, are both of them qualifications and limitations applicable to all the magistrates previously named in that section. It was thus construed and applied in *U. S.* v. *Case*, 8 Blatchf. 250. The above view is in accordance with the decision of Judge WITHEY in the case of *U. S.* v. *Jacobi*, 4 Amer. Law T. R. 148, 151, where a similar question was examined at length. The warrant must be limited to the marshal of this district.